UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIRST CHRISTIAN CHURCH OF
HAINES CITY,

    Plaintiff,

v.                                                Case No.: 8:06-cv-574-T-24EAJ

AMERICAN ECONOMY
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

      This cause comes before this Court on Defendant American Economy Insurance Company's ("American Economy") Motion to Dismiss or Abate, Motion to Strike, and Motion for More Definite Statement (Doc. No. 4 ).  Plaintiff First Christian Church of Haines City ("First Christian") has filed a response in opposition (Doc. No. 7).  American Economy filed a reply brief (Doc. No. 9-Ex A).  Accordingly, the Court will address each motion separately.

**I.**      **Background**

      Plaintiff First Christian alleges the following in its complaint (Doc. No. 2): On August 13, 2004, September 5, 2004, and September 25 through September 26, 2004, First Christian suffered damage from hurricanes Charley, Frances, and Jeanne respectively (¶ 7).  First Christian had a policy with American Economy that was in force from October 16, 2003 through October 16, 2004 (¶ 6).  American Economy has paid only a small fraction of the repair costs and refused to cover all of the losses incurred as a result of the hurricanes (¶¶ 8 & 13).  First Christian claims it has been in full compliance with the contract and has performed all conditions precedent to

recovery (¶ 9).  Therefore, First Christian alleges that its compliance, in conjunction with American Economy's failure to pay for damages and repairs, constitutes a breach of contract by American Economy (¶ 13).

## II.  Motion to Dismiss or Abate

### A.  Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim."  Id. at 47.  All that is required is "a short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

### B.  Discussion

Defendant American Economy filed the instant motion in which it first alleges that appraisal is a condition precedent to litigation.  American Economy cites U.S. Fire Insurance Company v. Franko, 443 So.2d 170 (Fla. 1st DCA 1983), Allstate Insurance Company v. Suarez, 833 So.2d 762 (Fla. 2002), and J.J.F. of Palm Beach, Inc. v. State Farm Fire & Cas. Co., 634 So.2d 1089 (Fla. 4th DCA 1994), to support its argument that there should not be judicial

intervention between First Christian and American Economy because the issue is ripe for appraisal, and appraisal is always favored over judicial intervention. However, the cases American Economy cites are applicable where the issue is an amount-of-loss question, not a coverage question. The issue between First Christian and American Economy is a question of coverage. As shown in the engineering reports (Doc. No. 7-2), First Christian is claiming that damage to the beams supporting the structure's roof are attributable in part to forces and moisture from hurricanes Charley, Frances, and Jeanne. Because American Economy has excluded any damages to the beams in question, the issue becomes a question of coverage.

First Christian cites <u>Johnson v. Nationwide Mutual Insurance Company</u>, 828 So.2d 1021, 1022 (Fla. 2002), and argues that "causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is a covered loss, the amount of which is disputed." American Economy has denied that hurricanes Charley, Frances, and Jeanne caused or contributed to the delamination of the roof beams. As such, this Court agrees with First Christian that the claim is a coverage question and that coverage is a question to be resolved by this Court and not through appraisal. In analyzing these matters, the trier of fact will ultimately have to determine whether hurricanes Charley, Frances, and Jeanne caused or contributed to the delamination of the roof beams. Plaintiff First Christian raises a question of causation and coverage that does not trigger the appraisal provision of the insurance policy.

Second, American Economy argues that First Christian's complaint should be dismissed because it does not state specific allegations of damage. First Christian considers hurricanes Charley, Frances, and Jeanne as one event upon which it is basing its claim because it contends that the damage was cumulative. As such, First Christian's grouping of the damage from

hurricanes Charley, Frances, and Jeanne in one breach of contract cause of action is not improper.  Furthermore, any detailed information that American Economy seeks regarding specific damage and its cause can be obtained through discovery.  Accordingly, this Court denies Defendant American Economy's Motion to Dismiss or Abate.

**III.**     **Motion to Strike**

    **A.**     **Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading.  However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

    **B.**     **Discussion**

American Economy moves to strike paragraphs 10 and 11 from the complaint.  In these paragraphs, First Christian alleges that American Economy did not handle First Christian's claim in good faith.

The Court finds that the paragraphs should not be stricken unless there is a showing of prejudicial harm to the moving party.  Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5th Cir. 1962).  By not striking a pleading, courts allow room for the allegations to be determined on the merits.  Id.  Paragraphs 10 and 11 of First Christian's complaint do not rise to the level of being prejudicial to American Economy.  Furthermore, to the extent that American Economy argues that these paragraphs should be stricken because First Christian has pled a bad faith cause of action, the Court rejects this argument because First Christian has only pled a

breach of contract cause of action.  Accordingly, this Court denies Defendant American Economy's Motion to Strike because there has been no showing of prejudicial harm to American Economy.

## IV.     Motion for More Definite Statement

### A.     Standard of Review

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  However, motions for a more definite statement are disfavored under the law.  Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993).  "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond."  Eye Care Int'l, Inc. v. Underhill, 92 F. Supp.2d 1310, 1316 (M.D. Fla. 2000)(citation omitted).  "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery."  Id. (citation omitted).

### B.     Discussion

Defendant American Economy has filed a Motion for a More Definite Statement alleging Plaintiff First Christian was vague in its factual allegations and specific damages sought.  The specific facts regarding the hurricane damage and the cost of such damage can be determined through the discovery process.  Accordingly, this Court denies Defendant American Economy's Motion for More Definite Statement.

**V.**     **Conclusion**

It is **ORDERED AND ADJUDGED** that Defendant American Economy's Motion to Dismiss or Abate, Motion to Strike, and Motion for More Definite Statement (Doc. No. 4) are **DENIED**.  Defendant American Economy's Motion for Leave to File a Reply (Doc. No. 9) is **GRANTED**.  The Court considered the reply attached thereto.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of July, 2006.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge